**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| JODIE LYMAN, an individual, ) | 3:06-CV-0666-ECR (RAM) |
| Plaintiff, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| MOR FURNITURE FOR LESS, INC., ) | |
| a foreign corporation, ) | |
| ) | |
| Defendant. ) | |

Before the court is Defendant's Motion to Compel Arbitration (Doc. #8). Plaintiff opposed the Motion and Defendant replied (Doc. Nos. 9 & 10). For the reasons set forth below, Defendant's Motion to Compel Arbitration should be granted.

## BACKGROUND

Plaintiff Jodie Lyman ("Plaintiff") accepted employment with the Defendant Mor Furniture For Less, Inc. ("Defendant") in May of 2000. (Doc. #8, Exh. B). At that time Plaintiff signed an employment contract titled, Agreement Regarding Defendant's Employment Practices, Policies, and Procedures ("contract"). (*Id.*). The contract contained a provision requiring both parties to submit to binding arbitration in the event of any employment dispute between them ("arbitration agreement"). (*Id.*). The arbitration agreement contained an exception clause for affairs precluded from arbitration as a matter of law and affairs set forth in separate written agreements. (*Id.*). Most importantly, the arbitration agreement clearly states that it is administered by the JAMS' Rules for the Resolution of Employment Disputes, ("JAMS' rules"). (*See* Doc. #8, Exh. 1).

Plaintiff alleges that during her employ at Defendant she was subjected to gender discrimination and sexual harassment by Defendant's managerial agents. (Doc. #1). She also alleges that her attempts

to expose the discrimination and harassment by Defendant's agents further created a hostile work environment and was the reason for her constructive discharge.[1] (Doc. #1). Rather than pursuing arbitration and before initiating court proceedings, Plaintiff submitted her dispute to the EEOC. (Docs. #9 & 10). Defendant filed a response to the EEOC and the EEOC declined to pursue Plaintiff's claim by issuing to her its standard "right to sue" letter. (Doc. #10).

On December 4, 2006, after receiving the EEOC right to sue letter, Plaintiff filed her complaint in this court. (Doc. #1). Defendant moved to stay the proceedings and compel binding arbitration pursuant to the arbitration agreement. (Doc. #8). Plaintiff opposed the motion, alleging that Defendant waived its right to enforce arbitration because it participated with the EEOC rather than insisting that the EEOC submit to arbitration. (Doc. # 9). In doing so, Plaintiff argues that Defendant admitted to her Title VII claim being an exception within the exception clause of the arbitration agreement.[2] (Doc. # 9). In addition to waiver, Plaintiff argues procedural and substantive unconscionability because the arbitration agreement fails to indicate mandatory arbitration fees and acts as a waiver to a jury trial right. (Doc. # 9). In support of its motion, Defendant argues that its participation with the EEOC was entirely separate from the arbitration agreement, as the EEOC is not a party to its employment contract with Plaintiff.[3] (Doc. #10). It also argued and gave support for its position that the arbitration agreement is not unconscionable neither procedurally nor substantially. (*Id.*).

## DISCUSSION

A.   Standard of Review

The Federal Arbitration Act (FAA), allows a Defendant to petition the court for an order compelling arbitration. 9 U.S.C. § 4 et. seq. It provides that arbitration agreements involving interstate commerce are valid, irrevocable and enforceable except those upon certain grounds that are revocable in law or in equity. 9 U.S.C. § 2. This includes agreements to arbitrate employment disputes. *Circuit*

---

[1] Plaintiff did not specify what measures she took to expose the discrimination she experienced.

[2] Plaintiff offered no authority to support her position of waiver. (See generally, Doc. #9).

[3] Defendant did not argue that it was required to participate with the EEOC, but it is likely the case being that the EEOC is a Nevada agency.

2

*City Stores, Inc.* v. *Adams*, 532 U.S. 105 (2001). Under the FAA, the federal courts are to "rigorously" enforce arbitration agreements. *Shearson/American Express Inc. v. McMahon*, 482 U.S. 220, 226 (1987); *see also Kuehner v. Dickinson & Co.*, 84 F. 3d 316, 319 (9th Cir. 1996) (held that the FAA "created a rule of contract construction favoring arbitration").

Like the FAA, Nevada law strongly favors the enforcement of arbitration and has similar procedural mechanisms to ensure that arbitration agreements are enforced. *See, Int'l Ass'n of Firefighters*, *Local No. 1285 v. City of Las Vegas,* 104 Nev. 615, 764 P. 2d 478 (1988); *See also,* N.R.S. 38.221. Under Nevada's version of the Uniform Arbitration Act (Chapter 38.219 of title 3 of the Nevada Revised Statutes), agreements to arbitrate controversies between parties are enforceable and generally irrevocable. N.R.S. S 38.219(1) (2006). The court shall decide whether an arbitration agreement exists or whether a controversy is subject to an arbitration agreement. N.R.S. § 38.219(2) (2006). To determine whether an arbitration agreement is valid, a federal court must apply state contract law. *Doctor's Assocs. V. Casarotto,* 517 U.S. 681, 686-687 (1996); (held that contract defenses, such as unconscionability, may invalidate an arbitration agreement under section 2 of the FAA and Nevada Revised Statute 38.219). The Nevada Supreme Court also has made clear that contract construction rules determine the question of whether a dispute is arbitratable. *Kindred v. Second Judicial Dist. Court*, 116 Nev. 405, 966, P. 2d 903, 907 (Nev. 2000); *quoting Clark Co. Public Employees v. Pearson*, 106 Nev. 587, 590, 788 P. 2d 136, 137 (Nev. 1990).

B. <u>Waiver</u>

Plaintiff alleges that Defendant waived its right to arbitrate her Title VII complaint when it filed a written response to the EEOC instead of forcing the EEOC to arbitrate. "The FAA does not mention enforcement of arbitration agreements by public agencies. It ensures the enforcement of private agreements to arbitrate." *EEOC v. Waffle House, Inc.* 534 U.S. 279, 289 (2002). (held that an employer could not compel the EEOC to arbitrate if it pursues a case in the public's interest - which is the only instance in which the EEOC will get involved in an employment dispute).

Here, the EEOC rejected Plaintiff's claim when it issued her a right to sue letter. (Doc. #9). At that point Defendant expected Plaintiff to attend arbitration pursuant to her employment contract with

3

1 Plaintiff. (*Id.*). But Plaintiff argues that her participation with the EEOC was a requisite for filing this
2 action and therefore justifies her refusing arbitration. (*Id.*). However, she provided no authority to show
3 that participation with the EEOC supersedes an employment agreement to arbitrate. Plaintiff also argues
4 that Defendant's response to the EEOC was an admission that the exception clause of the arbitration
5 agreement applied to Plaintiff's complaint. Again, Plaintiff provided no authority for this position, and
6 under Local Rules of Court 7-2(d) the failure of a party in opposition of a motion to file points and
7 authorities in response to the motion shall constitute a consent to the motion being granted. LR 7-2
8 (2006). Finally, Defendant rightfully argues that the EEOC was not a party to the arbitration agreement
9 between Plaintiff and Defendant; and under *Waffle House*, Defendant had no authority to attempt to
10 subject the EEOC to arbitration.

11 Thus, Plaintiff and Defendant's participation with the EEOC was not a legal exception to their
12 obligation to arbitrate under the FAA and the Nevada Uniform Arbitration Act. In addition, Defendant
13 did not waive its right to arbitrate for failing to submit the EEOC to arbitration.

14     C.     <u>Unconscionability</u>

15 Although Nevada Law has established a strong policy in favor of arbitration, it will not enforce
16 an unconscionable arbitration provision. *See* N.R.S. 28.219 (2006); *see also Doctor's Assocs. v.*
17 *Casarotto,* 717 U.S. at 687. Generally, both procedural and substantive unconscionability must be present
18 for a court to hold an arbitration clause unconscionable. *D.R. Horton, Inc. v. Green*, 120 Nev. 549, 554
19 , 96 P. 3d 1159, 1162 (2004); *quoting Burch v. Second Judicial Dist. Court of Nev.,* 118 Nev. 438, 443,
20 49 P. 3d 647, 650 (2002). But, less substantive unconscionability need be shown in cases involving great
21 procedural unconscionability. *Id.*

22         1.     <u>Procedural Unconscionability</u>

23 A provision is procedurally unconscionable when its' consequences are inconspicuous. *Id.* This
24 usually involves small print and confusing or misleading terms that prevent a reasonable person from
25 completely understanding the consequences of the contract. *Horton,* 120 Nev. at 554, 96 P. 3d at 1162;
26 quoting *American Airlines, Inc. v. Wolens,* 513 U.S. 219, 249 (1995) (O'Connor, J. concurring).
27 / / /
28         4

Plaintiff argues that the arbitration agreement here is procedurally unconscionable because it does not specify that it acts as a waiver of Plaintiff's right to a jury trial. (Doc. #9). Plaintiff relies on the holding from *Horton*, but fails to recognize its's rationale.

In *Horton*, 120 Nev. at 556, 96 P. 3d at 1164, the court found that a new homeowners contract was procedurally unconscionable because its' arbitration provision was hidden in smaller than normal print on the back page of the contract while the signature line was on the front page. *Id.* at 556, *Id.* at 1164. In addition, that defendant's sales agent downplayed the significance of the arbitration agreement to the plaintiffs, stating that its terms were simply standard language. *Id*. Though that arbitration agreement did fail to indicate that the plaintiffs had given up their right to a jury trial, the court found it more important that the arbitration agreement acted as a waiver to construction defect rights under Nevada Law, such as the right to recover attorney's fees for such litigation. *Id.*

Though the arbitration provision of the contract at issue does not state that it acts as a jury waiver, it does specifically state that all disputes relating to Plaintiff's employment will be settled by arbitration administered by the JAMS' rules for the resolution of employment disputes. While not specifically advising Plaintiff she is waiving her right to jury trial, it clearly informs her that her dispute will be resolved in a forum other than a judicial proceeding. Furthermore and unlike *Horton,* the arbitration clause here is clearly conspicuous. It is in bolded letters and appears directly above Plaintiff's signature. *(See* Doc. #8 Exh.1).   The full text of the arbitration agreement follows, with the same capitalization and bold font as the original:

> **ARBITRATION: Except as may be otherwise required by law or as set forth in a separate written agreement, any controversy or claim arising out of or relating to my employment with Mor or any agents of Mor shall be settled by arbitration administered by the JAMS' rules for the resolution of employment disputes in the city and state where the undersigned employee is employed, and judgment upon the award rendered by the arbitrator(s) may be entered by any court having jurisdiction thereof.**

Here, the jury waiver issue is the only similarity to *Horton*. Because the jury waiver was not the determining factor in the *Horton* court's decision to invalidate the arbitration agreement, the decision

5

cannot be used as precedent to invalidate the arbitration agreement as Plaintiff suggests should be done here. *Id.* at 554, *Id.* at 1163.

Defendant however, relies on *Kindred* , 116 Nev. 405, 996 P. 2d 903, to support its position that the arbitration agreement must be enforced. In *Kindred,* the court was called upon to decide whether Title VII and FMLA claims were subject to arbitration. In that case the Nevada Supreme Court upheld an arbitration provision that did not advise the employee that she was waiving her right to a jury trial. We conclude that the failure to advise of waiver of right to jury trial does not overcome the strong presumption in favor of arbitration.

Essentially, the analysis could end here since the court may only invalidate an arbitration agreement based on both procedural and substantive unconscionability. But in an effort to be thorough, the court will look at the issue of substantive unconscionability.

        2.        <u>Substantive Unconscionability</u>

Substantive unconscionability is present when the terms of a contract favor one party over the other. *Horton*, 120 Nev. at 554, 89 P. 3d at 1162; *quoting, Ting v. AT&T,* 319 F. 3d 1126, 1149 (9th Cir. 2003). But, an arbitration agreement's failure to present significant arbitration costs does not alone render the agreement unenforceable. *Horton*, 120 Nev. at 558, 89 P. 3d at 1165 ; *quoting Green Tree Financial Corp.- Ala v. Randolph,* 531 U.S. 79, 90 (2001).

Plaintiff argues that the arbitration agreement is substantively unconscionable because the JAMS' rules cannot be judicially noticed and because the agreement fails to disclose potential arbitration costs. (Doc. #9, pg. 2). First, it is unclear to the court why Plaintiff in her opposition to the present motion argued that the JAMS' rules could not be judicially noticed. (*Id.*). Under Federal Rule of Evidence 201, the court may take judicial notice of any fact "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." F.R.E. 201(b). The JAMS' rules are posted on-line at www.jamsadr.com; and although the website is not stated in the arbitration agreement, Plaintiff does not complain of this being an issue.

/ / /

1    Second, Plaintiff argues that the agreement's failure to specify arbitration costs favors Defendant
2 over Plaintiff. However, this argument is lacking in that the very case (*Horton*) on which Plaintiff relies
3 determined that silence as to arbitration costs does not render an arbitration agreement invalid. *Horton*,
4 120 Nev. at 558, 96 P. 3d at 1165.  In addition, the *Horton* court was more concerned with the $10,000
5 penalty those Plaintiffs would have incurred for failing to proceed with arbitration than it was concerned
6 with arbitration fees in general. *Id.* at 555, *Id.* at 1164. Furthermore, the JAMS' rules referenced in the
7 arbitration agreement here state that the Plaintiff would be responsible only for an initial $400.00 case
8 management fee and that any additional costs incurred through arbitration would be covered by the
9 Defendant. (Doc. #11, Exh. 2, pgs. 5 & 24).  The JAMS' rules further state that the employer must cover
10 any extra costs incurred by the Plaintiff for further arbitration. (*Id.*). This cost scheme for arbitration is
11 far less burdensome than that in *Horton*, and overall leaves both Plaintiff and Defendant in a better
12 economic position than they would be if they litigated this case in this court.

13    Because the cost of arbitration could easily have been recognized by reading the JAMS' rules
14 and indeed favors Plaintiff over Defendant, we find that the arbitration agreement is not substantively
15 unconscionable.

### CONCLUSION

17    **IT IS HEREBY ORDERED** that Defendant's Motion to Compel Arbitration (Doc. #8) is
18 **GRANTED**.  The parties shall submit this matter to arbitration pursuant to the arbitration provision.

19    **IT IS FURTHER ORDERED** that this action is **STAYED** pending receipt by the court of the
20 results of the arbitration.

21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28

1    **IT IS FURTHER ORDERED** that a telephonic status conference is scheduled for **Thursday, January 10, 2008, at 1:30 p.m.** for the parties to advise the court on the progress of the arbitration proceedings.  The parties shall, at least two (2) days prior to said hearing, advise the Deputy Clerk of this court (Frank Justiliano, (775) 686-5758) of the telephone number at which they may be reached for the telephonic hearing.

DATED:   August 7, 2007.

_____
UNITED STATES MAGISTRATE JUDGE